**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RAMON ARTURO RONQUILLO, <br><br> *Appellant*, <br><br> v. <br><br> LAKEVIEW LOAN SERVICING, LLC, <br><br> *Appellee*. | No. 25-cv-15325 (MEF)(LDW) <br><br><br> <u>**OPINION AND ORDER**</u> |

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history of this case.

\* \* \*

Some quick background.

Federal district courts have "original and exclusive jurisdiction of all cases under title 11 [of the United States Code,]" the part that covers bankruptcy.  28 U.S.C. § 1334(a).

But "[d]istrict courts may refer . . . such proceedings to the bankruptcy judges of their district."  <u>Stern</u> v. <u>Marshall</u>, 564 U.S. 462, 473 (2011); <u>see</u> <u>also</u> 28 U.S.C. § 157(a).  And in New Jersey, Title 11 cases are automatically referred to the District's bankruptcy judges.  <u>See</u> D.N.J. Standing Order of Reference 12-1 (Sept. 18, 2012); D.N.J. Standing Order 2025-02 (June 6, 2025).

So when the Appellant[1] filed his bankruptcy petition, <u>see</u> Voluntary Petition for Individuals Filing for Bankruptcy, <u>In re</u> <u>Ronquillo</u>, No. 25-12633 (Bankr. D.N.J. Mar. 14, 2025) (ECF 1), the case went to a bankruptcy judge.

Bu the bankruptcy laws allow for the filing of a motion to "withdraw" --- a request for a federal district judge to undo

---

[1]  Ramon Arturo Ronquillo.

things, to take back a case that has been "referred" to a bankruptcy judge.  See 28 U.S.C. § 157(d).

That is the route the Appellant has taken here.

He has filed a motion to withdraw this Court's reference of his case to a bankruptcy judge.  See Motion to Withdraw the Reference and Constitutional Challenge to Referral ("Appellant's Motion") (ECF 1).[2]

The burden is on the party that seeks to pull back a reference.[3]

And here, the Appellant has not carried that burden.  So his motion is denied.

\* \* \*

A district court's reference of a case to a bankruptcy judge must be withdrawn when the bankruptcy proceeding at issue "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).

But the "broadest literal reading" of this statute "would eviscerate much of the work of the bankruptcy courts," potentially "sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district

---

[2]  Two things.  First, the Appellant has no lawyer here.  So the Court construes his motion liberally.  See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  Second, the Appellant filed his motion in September 2025.  See Appellant's Motion at 11.  It became fully submitted much later, in April 2026.  See Reply Brief of Appellant in Support of Motion to Withdraw the Reference and Motion to Proceed on Bill of Equity (ECF 27) at 14.

[3]  See, e.g., Roystone on Queen Anne LLC v. Citymark Cap. LLC, 764 F. Supp. 3d 1054, 1058 (W.D. Wash. 2025); In re 5171 Campbells Land Co., Inc., 2022 WL 267357, at \*2 (W.D. Pa. Jan. 28, 2022); Sergent v. McKinstry, 472 B.R. 387, 404 (E.D. Ky. 2012); In re Glob. Printing Equip., 2010 WL 3515586, at \*1 (D.N.J. Aug. 31, 2010); see also In re Vicars Ins. Agency, Inc., 96 F.3d 949, 951, 954 (7th Cir. 1996) (concluding that the movant had failed to "satisfy its burden of persuasion on the issue of mandatory withdrawal"); In re Envisionet Comput. Servs., Inc., 276 B.R. 1, 4 (D. Me. 2002) ("The moving party bears the burden of demonstrating cause for discretionary withdrawal of the reference.").

court." In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996) (cleaned up); see also In re U.S. Airways Grp., Inc., 296 B.R. 673, 677-78 (E.D. Va. 2003) ("to read the phrase . . . broadly would trivialize the mandatory withdrawal requirement and limit drastically the bankruptcy court's jurisdiction"); In re Adler, Coleman Clearing Corp., 270 B.R. 562, 564 & n.1 (S.D.N.Y. 2001).

To avoid this, the Seventh Circuit held in Vicars in 1996 that withdrawal is only mandatory under the quoted potion of the statute where "'substantial and material consideration' is required of title 11 law in addition to non-Code federal law." In re Vicars, 96 F.3d at 952-54.

Vicars is the leading case in this area. Courts across the country have followed it. See, e.g., In re Dudley, 2025 WL 2260250, at *2 (D.N.M. July 1, 2025) ("the undersigned is persuaded by . . . In re Vicars"); In re Vestavia Hills, Ltd., 630 B.R. 816, 850 (S.D. Cal. 2021) ("Most district courts in California have followed the standard set out by the Seventh Circuit in Vicars."); In re Rodriguez, 2009 WL 10714861, at *9-10 (Bankr. S.D. Tex. Mar. 6, 2009) (noting that "[t]he Seventh Circuit's In re Vicars Insurance Agency opinion is the only circuit court to have considered § 157(d)'s mandatory withdrawal provision in detail," but that other federal courts have similarly interpreted that part of Section 157(d)); accord, e.g., McHenry v. Wilmington Sav. Fund Soc'y, FSB ex rel. PNPMS Tr. III, 2024 WL 5204180, at *1 n.9 (M.D. Pa. Dec. 23, 2024); In re Maynard, 2016 WL 1449459, at *2 (S.D. Ohio Apr. 13, 2016); In re Performance Transp. Servs. Inc., 2008 WL 2331069, at *2 (W.D.N.Y. June 3, 2008); cf. Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 n.4 (9th Cir. 1997) (dicta); 1 Collier on Bankruptcy ¶ 3.04[2] (16th ed. 2026) ("appropriate . . . construction of [S]ection 157(d) should [incorporate] the 'substantial and material' rule").[4]

---

[4]  Even before Vicars, the Second Circuit had used the "substantial and material consideration" formulation. See In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990) ("Withdrawal under 28 U.S.C. § 157(d) is not available merely whenever non-Bankruptcy Code federal statutes will be considered in the Bankruptcy Court proceeding, but is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the

3

And this Court goes the same way.

Withdrawal of the reference is mandatory, the Court holds, when a bankruptcy case requires not just some consideration of relevant non-bankruptcy federal laws --- but "substantial and material," In re Vicars, 96 F.3d at 953 (cleaned up), consideration of such laws.[5]

*   *   *

Here, the Appellant has not checked that box.

He invokes mandatory withdrawal, see Appellant's Motion at 2, 6, and then identifies four "federal [law] . . . questions." Id. at 7.  But none of these move the needle far enough.

First, the Appellant zeroes in on questions as to the "timing and validity of assignments and endorsements," and calls out parts of the Uniform Commercial Code.  See id. at 7.

But "[t]he Uniform Commercial Code . . . is not a federal law." Baalim v. Perkins, 2022 WL 292957, at *4 (E.D. Mo. Feb. 1, 2022).  So it has no bearing on the withdraw-the-reference question here.

Second, the Appellant seems to invoke the Real Estate Settlement Procedures Act[6] and asserted "anti-dual-tracking violations."[7] See Appellant's Motion at 7.  And he notes that he has pressed arguments about "anti-dual-tracking concerns" in a state court foreclosure action.  See id. at 3-4.

---

proceeding.") (cleaned up); see also City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991) ("We note further that the litigation of the City's CERCLA claim in the California bankruptcy proceeding could well result in a withdrawal of the bankruptcy reference if the City's claim should require substantial interpretation of CERCLA.") (emphasis added).

[5]  Decisions from this district, without citing Vicars, have landed in roughly the same place.  See, e.g., In re BlockFi Inc., 2023 WL 6148151, at *5 (D.N.J. Sept. 20, 2023); In re G-I Holdings, Inc., 295 B.R. 211, 216, 221 (D.N.J. 2003).

[6]  See 12 U.S.C. §§ 2601-2617.

[7]  "A mortgagor engages in dual tracking by pursuing foreclosure on the mortgagee's property while simultaneously considering the mortgagee for a mortgage loan modification."  Hunt v. Nationstar Mortg., LLC, 684 F. App'x 938, 943 (11th Cir. 2017).

4

The RESPA is federal law.  But the Appellant has not carried his burden by meaningfully explaining why this case will require "substantial and material" consideration of RESPA.

Third, the Appellant spotlights "federal tax/fiduciary issues." Id. at 7.

But same problem.  Although the Appellant seems to indicate that these "federal . . . issues" have come up in the course of the bankruptcy proceeding, see id. at 4, 6, he does not explain why "substantial and material consideration" of them has been or will be required there.

Fourth and finally, the Appellant suggests that the bankruptcy proceeding must necessarily address "Federal Reserve / OC-10 / BIC mechanics and their legal consequences."  Id. at 7.

This looks to be a reference to "Federal Reserve Operating Circular No. 10 and Borrower-In-Custody (BIC) practices," id. at 5, which "sets forth the terms under which an entity may . . . obtain [a]dvances from, incur [o]bligations to, or pledge [c]ollateral to a Federal Reserve Bank."  Fed. Rsrv. Banks, Federal Reserve Banks Operating Circular No. 10 1 (2013), https://www.frbservices.org/binaries/content/assets/crsocms/reso urces/rules-regulations/071613-operating-circular-10.pdf.[8]

But it is hard to tell what this has to do with the bankruptcy case here.  And all the more so given that the Appellant says that he "is not litigating the full merits of any OC-10 claim." Appellant's Motion at 5.  A "conjectural concern," In re Vicars, 96 F.3d at 954, that federal law may come up does not clear the "substantial and material" bar.

*    *    *

Bottom line: the Appellant has not carried his burden of showing that withdrawal is mandatory here.

He has identified four pieces of non-bankruptcy law that he says are in play.  But one of those is not federal law.  And as to the other three, the Appellant has not shown that those will

---

[8]  The Fed's circular defines a "Borrower-in-Custody or BIC Arrangement" as one "whereby the [Federal Reserve] Bank authorizes a [b]orrower, or an affiliate of the [b]orrower, to retain possession of . . . [c]ollateral."  Fed. Rsrv. Banks, Operating Circular No. 10, at 1.

need to be worked through here in a "substantial and material" way.[9]

*     *     *

The Appellant's fallback argument is that even if withdrawal of the reference is not legally required, it is still a good idea. So he invokes "permissive" withdrawal.  See Reply Brief of Appellant in Support of Motion to Withdraw the Reference and Motion to Proceed on Bill of Equity (ECF 27) at 5.

District courts have discretion to choose to withdraw a reference "for cause shown."  28 U.S.C. § 157(d).

But the Court will not go that way here.

The four issues invoked by the Appellant (and discussed above) seem to have been previously raised before the bankruptcy judge. See Appellant's Motion at 4 (indicating that "interim relief" in the bankruptcy court left certain UCC, RESPA-related, "and IRS fiduciary matters[] . . . outstanding"); see also Objection to Proof of Claim of Lakeview Loan Servicing LLC at 6-8, 10, In re Ronquillo, No. 25-12633 (Bankr. D.N.J. Sept. 3, 2025) (ECF 45); Notice of Request for Adversary Proceeding Pursuant to Fed. R.

---

[9]  In addition to what is alluded to in the text, the Appellant refers to a grab bag of constitutional arguments, about the delegation of "judicial power to an Article I [bankruptcy] tribunal without . . . consent," Appellant's Motion at 1; the Seventh Amendment right to a jury, see id. at 1, 10; and due process.  See id. at 1.  But these are glancing references. These arguments are alluded to, but not developed.  And the Appellant did not address these issues in his reply brief.  This suggests that he no longer wishes to pursue them.  See, e.g., Sys. Agency v. Villanueva, 2020 WL 7629879, at *3 (S.D.N.Y. Dec. 22, 2020) (noting that an argument "conspicuously dropped . . . in [a] reply brief . . . can be deemed abandoned."); see also Brumfield v. IB LLC, 586 F. Supp. 3d 827, 838 n.3 (N.D. Ill. 2022) ("Arguments abandoned in a reply brief are generally deemed waived."); cf. Aleksanian v. Blanche, 2026 WL 1146924, at *1 (9th Cir. Apr. 28, 2026); Rose v. Oakland County, 2023 WL 2823972, at *8 (6th Cir. Apr. 27, 2023); Cruz v. Town of Cicero, 275 F.3d 579, 587 (7th Cir. 2001); Coffey v. Dean Witter Reynolds, Inc., 961 F.2d 922, 927 (10th Cir. 1992); Lewis v. Lane, 816 F.2d 1165, 1169 n.6 (7th Cir. 1987).

6

Bankr. P. 7001 at 3-4, No. 25-12633 (Bankr. D.N.J. Sept. 5, 2025) (ECF 49); Supplemental Objection to Proof of Claim No. 3-1 at 3, 7, No. 25-12633 (Bankr. D.N.J. Sept. 22, 2025) (ECF 63); Objection to Proof of Claim of Internal Revenue Service (Claim No. 1-1), No. 25-12633 (Bankr. D.N.J. Sept. 23, 2025) (ECF 64).

In deciding whether "cause" has been "shown" to withdraw a bankruptcy reference on a permissive basis, the court of appeals has focused on "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."  See In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (cleaned up); see also In re Congoleum Corp., 149 F.4th 318, 330 n.3 (3d Cir. 2025) (citing In re Pruitt as supplying "factors to consider in determining whether cause exists").

But none of these goals would be advanced by pulling this case away from the bankruptcy judge here.  The relevant issues seem to have already been put before him to an extent.  Do-overs cause delay.  And opening the door to do-overs can also open the way to "[non-]uniformity in bankruptcy administration," and forum shopping.

The bankruptcy judge is the expert here, and this case should be kept with him.  The Court will not exercise its discretion to withdraw the reference.

*     *     *

The motion at ECF 1 is denied.

IT IS on this 23rd day of June, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.